# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 16, 2008       Decided January 16, 2009

No. 06-3082

IN RE: SEALED CASE

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00390)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Kristina L. Ament*, Assistant U.S. Attorney, argued the cause for appellee. On the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III* and *Elizabeth H. Danello*, Assistant U.S. Attorneys.

Before: BROWN, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

Concurring Statement filed by *Senior Circuit Judge* EDWARDS, with whom *Senior Circuit Judge* SILBERMAN joins.

Dissenting opinion filed by *Circuit Judge* BROWN.

EDWARDS, *Senior Circuit Judge*: Appellant pled guilty to maintaining a crack house, in violation of 21 U.S.C. § 856(a)(2), and to possession of a firearm by a convicted felon, in violation

of 18 U.S.C. § 922(g)(1). The District Court sentenced him to a 97-month term of imprisonment under U.S.S.G. § 2D1.8(a)(1), a provision of the United States Sentencing Guidelines ("Guidelines") that imposes a substantially higher base offense level for persons convicted of maintaining a drug establishment who are also found to have participated in the underlying drug crime.

Appellant now challenges this sentence, arguing both that the District Court erred in applying § 2D1.8(a)(1) to calculate his base offense level, because there was insufficient evidence in the record that he actually "participated" in the underlying drug offense, and that his sentence is substantively unreasonable. In addition, appellant requests that we remand his case for resentencing in light of recent amendments to the Guidelines that decrease the base offense levels for certain crack cocaine offenses.

The parties suggest that, because he never objected to the District Court that the evidence was insufficient to support its reliance on § 2D1.8(a)(1), appellant's claim on appeal must be reviewed only for plain error under *United States v. Olano*, 507 U.S. 725 (1993), and its progeny. We need not reach this issue, because the District Court in this case made no findings on appellant's participation in the underlying drug offense. The Presentence Investigation Report ("PSR") contained no factual findings on appellant's participation in the underlying drug offense; the trial judge offered no findings on this crucial issue; and appellant's participation cannot be inferred from the sparse record under review on appeal. In these circumstances, we are constrained to remand the case to allow the District Court to determine in the first instance whether the Government carried its burden at sentencing and proved participation by a preponderance of the evidence. *See Pullman-Standard v. Swint*, 456 U.S. 273, 291-92 & n.22 (1982) (remand appropriate where

district court altogether fails to make findings or fails to make findings with respect to a material issue).

On remand, if appellant files a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence, the District Court should also consider in the first instance the applicability of the recent amendments to the Guidelines relating to base offense levels for crack cocaine offenses. Finally, because we remand for resentencing, we do not reach appellant's challenge to the substantive reasonableness of his sentence.

## I. BACKGROUND

On August 30, 2004, appellant was charged by information with maintaining a crack house, in violation of 21 U.S.C. § 856(a)(2), and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On September 13, 2004, appellant pled guilty to both counts pursuant to a written plea agreement.

The proffer of facts supporting appellant's guilty plea is simple and straightforward. On June 4, 2003, officers of the Metropolitan Police Department executed a search warrant at an apartment leased by appellant. Though appellant shared the apartment with his co-defendant, the two men had separate bedrooms. Upon entering the apartment, the officers found the co-defendant trying to step into the closet of his bedroom. The officers' search of the co-defendant's bedroom closet revealed 35.3 grams of crack cocaine, a loaded Ruger .40 caliber semiautomatic handgun, $676 in cash, a digital scale, identifying documents, mail, a wallet, and a white plate with white rock residue. In the dining room of the apartment, the officers found a Pyrex measuring cup containing a white substance and a box of rubber gloves. In appellant's bedroom, the officers found a triple-beam scale, a loaded Beretta 9-mm semiautomatic handgun, a box of 9-mm ammunition, 63.25 grams of marijuana, empty Ziploc bags, and Ziploc bags containing green, weed-like

material. A search of appellant turned up $545 in cash. Appellant's fingerprints were later lifted from the plate with the white rock residue found in his co-defendant's bedroom closet.

At the plea hearing, appellant admitted that the factual proffer was accurate. He also admitted that he knew that crack was present in his apartment and that he allowed the crack to be stored there. Plea H'rg Tr. at 30 (Sept. 13, 2004), *reprinted in* Appellant's Appendix ("App.") at Tab 1.

Relying on the 2005 edition of the United States Sentencing Commission Guidelines Manual, the PSR prepared by the probation office calculated appellant's base offense level under U.S.S.G. § 2D1.8(a), the section of the Guidelines that governs convictions for maintaining a drug establishment under 21 U.S.C. § 856(a)(2). For a defendant who also participated in the underlying drug offense, § 2D1.8(a)(1) advises the sentencing court to use the offense level for the relevant drug type and quantity from U.S.S.G. § 2D1.1. *See* U.S.S.G. § 2D1.8(a)(1). The guideline further advises that the offense level from § 2D1.1 should be reduced by four levels and capped at level 26 if the defendant "had no participation in the underlying controlled substance offense other than allowing use of the premises." U.S.S.G. § 2D1.8(a)(2). Although the PSR contained no factual findings on appellant's participation in the underlying drug offense, it applied § 2D1.8(a)(1) and recommended a base offense level of 30. *See* U.S.S.G. § 2D1.1(c)(5) (prescribing base offense level of 30 for at least 35 grams of cocaine base). The PSR recommended increasing the offense level by two levels under § 2D1.1(b)(1), because appellant possessed a gun in connection with a drug offense. The PSR also recommended a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a total offense level of 30. Given appellant's criminal history category of III, the applicable Guidelines range was 121 to 151 months. After reviewing the PSR, appellant's counsel filed several sentencing memoranda

with the District Court, in which he requested that appellant's offense level be determined in accordance with the Guidelines for powder cocaine, rather than by applying the 100-to-one drug quantity ratio between crack and powder cocaine then prescribed by § 2D1.1.

At the April 19, 2006 sentencing hearing, the District Court accepted the PSR. *See* Sentencing H'rg Tr. at 4-5, 32-33 (Apr. 19, 2006), App. at Tab 2. However, the District Court made no mention of § 2D1.8(a)(1) and made no factual findings on appellant's participation in the underlying drug offense. Instead, the trial judge offered the following observations:

> Letting someone use your apartment to cook and store crack cocaine for sale was no benign offense. That conduct helped keep the most vulnerable and helpless among us strung out on poison. And keeping a loaded semiautomatic pistol in a crack house did nothing to promote a safe environment. . . . However, it is true that you committed no act of violence[,] you did not deploy or brandish the pistol, and you did not use it here in connection with pedaling [sic] crack.

*Id.* at 33. After weighing the factors to be considered in imposing a sentence, *see* 18 U.S.C. § 3553(a), the District Court sentenced appellant to 97 months of imprisonment. *Id.* at 30-36.

## II. ANALYSIS

### A. *Standard of Review*

Following the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 128 S. Ct. 586 (2007), appellate courts review sentences under an abuse-of-discretion standard and set aside sentences found to be "unreasonable." *Booker*, 543 U.S. at 261-63; *Gall*, 128 S. Ct. at 597. This review proceeds in two steps. First, the court must ensure that the district court committed no procedural error,

"such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. Once the appellate court determines that a sentence is procedurally sound, it reviews the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*; *see also United States v. Gardellini*, 545 F.3d 1089,1092-93 & n.2 (D.C. Cir. 2008).

In applying the clearly erroneous standard, an appellate court must remain mindful that

> judicial findings of fact are presumptively correct. *See Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 500 (1984). This presumption "recognizes and rests upon the unique opportunity afforded the trial court judge to evaluate the credibility of witnesses and to weigh the evidence," *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982), the comparative expertise of trial and appellate judges, and the cost of duplicative appellate decisionmaking, *Anderson v. Bessemer City*, 470 U.S. 564, 574-75 (1985). Pursuant to this presumption, a finding of fact will not be overturned as "clearly erroneous" unless, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. at 573.

HARRY T. EDWARDS & LINDA A. ELLIOTT, FEDERAL STANDARDS OF REVIEW – REVIEW OF DISTRICT COURT DECISIONS AND AGENCY ACTIONS 62 (2007). "However, when a district judge altogether fails to make findings or fails to make findings with respect to a material issue, appellate courts normally vacate the judgment and remand for the judge to make those findings." *Id*. at 63.

> "[F]actfinding is the basic responsibility of district courts, rather than appellate courts, and . . . the Court of Appeals should not . . . resolve[] in the first instance [a] factual dispute which had not been considered by the District Court."

*Pullman-Standard*, 456 U.S. at 291-92 (second and third alterations added) (citation omitted).

The question that we face in this case is whether the District Court judge made factual findings on appellant's participation in the underlying drug offense sufficient to survive appellate review. Because, as we explain in the following sections, there are no such findings and we can infer none, we are obliged to remand the case to the trial court for appropriate findings.

## B. *Appellant's Challenge to the Sufficiency of the Evidence Supporting the District Court's Reliance on § 2D1.8(a)(1)*

Appellant contends that his sentence should be reversed for two principal reasons: First, the District Court made no factual finding that appellant participated in the underlying controlled substance offense; and, second, the record is insufficient to support a finding of participation. Appellant thus contends that the District Court erred in applying § 2D1.8(a)(1) to calculate his base offense level.

The parties have briefed and argued the question of who bears the burden of proof under § 2D1.8(a). Appellant contends that the Government carries the burden of proving participation under § 2D1.8(a)(1). The Government, in turn, argues that when non-participation is at issue under § 2D1.8(a)(2), the defendant bears the burden of proving non-participation because it is a mitigating factor in sentencing. As explained in Part II.B.2 *infra*, we hold that remand is necessary in this case because the District Court failed to make *any* finding on appellant's participation or non-participation. Because the District Court will be required to apply the correct legal standard in its

factfinding on remand, we first address the matter of the burden of proof. *See, e.g.*, *United States v. Barry*, 938 F.2d 1327, 1333-37 (D.C. Cir. 1991) (determining in the first instance the correct legal standard to be applied by the district court on remand); *see also United States v. Hart*, 324 F.3d 740, 750-51 (D.C. Cir. 2003) (stating the correct legal standard to be applied by the district court and remanding the case because appellate court could not determine whether district court had applied the correct legal standard); *United States v. McCoy*, 242 F.3d 399, 410 (D.C. Cir. 2001) (same). After addressing the burden of proof issue, we explain why this case must be remanded for further factfinding.

    1.   *Section 2D1.8(a) and the Participation Requirement*

Section 2D1.8 of the November 1, 2005 Sentencing Guidelines provides:

(a) Base Offense Level:

> (1) The offense level from §2D1.1 applicable to the underlying controlled substance offense, except as provided below.

> (2) If the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises, the offense level shall be 4 levels less than the offense level from §2D1.1 applicable to the underlying controlled substance offense, but not greater than level 26.

The criminal statute to which appellant pled guilty, 21 U.S.C. § 856(a)(2), does not require the Government to prove a defendant's participation in the underlying offense as an element of the crime. The plain language of the applicable Guideline, however, requires a finding of such participation for the higher offense level in § 2D1.8(a)(1) to apply. Because, under the Guidelines, the fact of participation enhances a defendant's

sentence, the Government bore the burden of proving participation under § 2D1.8(a)(1) by a preponderance of the evidence. *See United States v. Price*, 409 F.3d 436, 444 (D.C. Cir. 2005) (government "carries the burden of proving any facts that may be relevant in sentencing"); *United States v. Washington*, 115 F.3d 1008, 1010 (D.C. Cir. 1997) ("The burden is on the government to prove facts in support of a sentence enhancement by a preponderance of the evidence."); *United States v. Burke*, 888 F.2d 862, 869 (D.C. Cir. 1989) (noting that "insofar as [a Guidelines provision] relates to a matter that would enhance the defendant's sentence, the burden of proof is on the prosecution to satisfy the factual prerequisites of the provision").

The Government does not dispute that it carried the burden of proving appellant's participation under § 2D1.8(a)(1); nor does the Government doubt that proof of participation would necessarily refute any claim of non-participation. Rather, the Government advances the somewhat perplexing argument that, because a defendant generally bears the burden of proof on mitigating factors at sentencing, appellant bore the burden of proving non-participation under § 2D1.8(a)(2). Appellee's Br. at 11-13. *See United States v. Riley*, 376 F.3d 1160, 1171 (D.C. Cir. 2004) ("It is the defendant [who] bears the burden of proving by a preponderance of the evidence that he is eligible for a downward departure[.]") (quotation marks and citation omitted); *United States v. White*, 1 F.3d 13, 18 (D.C. Cir. 1993) ("The defendant 'properly bears the burden of proof under those sections of the Guidelines that define mitigating factors.'") (quoting *Burke*, 888 F.2d at 869 n.10).

The Government's argument is specious, especially given that it does not dispute that the prosecution is obliged to prove participation without regard to whether § 2D1.8(a)(2) is a mitigating factor. It is not correct, as our dissenting colleague suggests, that the District Court's obligation to make a factual

finding about participation "arguably arises only when the defendant invokes [§ 2D1.8(a)(2)] and offers supporting evidence." Because participation is an element of the sentence, and the Government "carries the burden of proving any facts that may be relevant in sentencing," *Price*, 409 F.3d at 444, the District Court must make the necessary factual findings to determine whether the Government has carried its burden of proof. It makes no difference whatsoever whether the defendant invokes § 2D1.8(a)(2) – the Government cannot seek a sentence based on § 2D1.8(a)(1) unless it first proves participation.

Furthermore, § 2D1.8(a) by its plain terms provides for a base offense level, not a mitigating departure. The section is titled "Base Offense Level" and advises the sentencing court either to import the "offense level" from § 2D1.1 if the defendant also participated in the underlying drug offense, or to reduce that "offense level" if the defendant "had no participation." U.S.S.G. § 2D1.8(a)(1), (2). *See United States v. Leasure*, 319 F.3d 1092, 1098 (9th Cir. 2003) ("[B]ecause the purpose of § 2D1.8 is to establish a defendant's base offense level, the government must prove the fact of participation[.]").

The Tenth Circuit's decision in *United States v. Dickerson*, 195 F.3d 1183 (10th Cir. 1999), upon which the Government relies, does not persuade us to the contrary. There, the court held that a defendant has the burden of proving non-participation under § 2D1.8(a)(2) because "subsection (a)(1) effectively presumes that a defendant personally participated in the underlying controlled substance offense." *Dickerson*, 195 F.3d at 1189, 1190. First, neither the plain language of the Guideline nor the commentary creates such a presumption of participation. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.8 cmt. n.1 (2005). Second, the fact of participation enhances a defendant's sentence based on uncharged, unproven conduct; it is clear that such a fact may not be "presumed" true, but must instead be proven by the Government by a

preponderance of the evidence. *See, e.g.*, *Washington*, 115 F.3d at 1010 ("The burden is on the government to prove facts in support of a sentence enhancement by a preponderance of the evidence.").

2. *The Need to Remand the Case for Further Factfinding*

The Government argues in the alternative that there was sufficient evidence in the record from which the District Court could have concluded that it met its burden of proving that appellant actually participated in the underlying offense. In particular, the Government points to several pieces of evidence from the factual proffer, including the plate with white rock residue containing appellant's fingerprints that officers found in his co-defendant's closet as well as the drug paraphernalia and gun found in the shared dining room and appellant's bedroom. Appellee's Br. at 14-17. The problem here is that the District Court made no findings of fact on participation. We can only speculate as to what the trial judge might have concluded from the evidence had such findings been made. The District Court's only comments on appellant's conduct concerned the charged offense of maintaining a crack house. *See* Sentencing H'rg Tr. at 33 ("Letting someone use your apartment to cook and store crack cocaine for sale was no benign offense."). If anything, these comments might be seen to suggest that appellant did *not* participate in a crack offense in any way beyond allowing others to store crack at his apartment. *See id.* ("[Y]ou committed no act of violence[,] you did not deploy or brandish the pistol, and you *did not use it here in connection with pedaling* [sic] *crack*.") (emphasis added).

The Government suggests that we can infer the facts necessary to conclude that the District Court *implicitly* found that appellant participated in the underlying offense. *See, e.g.*, *United States v. Mastropierro*, 931 F.2d 905, 906-07 (D.C. Cir. 1991) (inferring facts to support District Court's implicit factual finding at sentencing). We will not follow that approach here.

The District Court's utter silence on the participation question is reason enough to give us pause. More important, however, is the Supreme Court's admonition in *Pullman-Standard*: "Where the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made[.]" 456 U.S. at 292 n.22 (citation omitted). Indeed, even when a trial court's findings are set aside on an error of law, "the court of appeals is not relieved of the usual requirement of remanding for further proceedings to the tribunal charged with the task of factfinding in the first instance." *Id.* at 293.

Without explicit findings, we cannot conclude with any certainty that the District Court was aware of the participation requirement in § 2D1.8(a)(1) or that it employed the correct legal standard in determining appellant's sentence. Where, as here, the evidence points to no clear conclusion on appellant's alleged participation, we will not infer it. Rather, the case must be remanded to allow the trial judge to make appropriate findings that are susceptible to appellate review should the appellant again seek review in this court. *See McCoy*, 242 F.3d at 410 (remanding case for district court to determine applicability of sentencing enhancement because "on the record before us we cannot conclude with confidence that it employed the correct legal standard in applying the . . . enhancement"); *cf. United States v. Hutchinson*, 268 F.3d 1117, 1118 (D.C. Cir. 2001) (remanding case for further factfinding, because the trial judge had failed to make findings of fact essential to decide the issue on review).

## III. CONCLUSION

On remand, the District Court should determine, on the existing record, whether the Government met its burden of proving by a preponderance of the evidence that appellant participated in the underlying offense. If the District Court

determines that the Government did meet its burden, then appellant will be free to seek review of the District Court's factual findings on participation. During the proceedings on remand, appellant may file a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence in light of the recent amendments to the Guidelines that lower the base offense levels for certain crack cocaine offenses. Finally, because we remand for resentencing, we will not consider appellant's challenge to the substantive reasonableness of the sentence ultimately imposed by the District Court at this time. *See In re Sealed Case*, 527 F.3d 188, 190 (D.C. Cir. 2008) (remanding to district court for correction of procedural sentencing error and declining to assess the substantive reasonableness of sentence).

For the foregoing reasons, we vacate appellant's sentence and remand the case for resentencing consistent with this opinion.

1

EDWARDS, *Senior Circuit Judge*, *concurring*, with whom SILBERMAN, *Senior Circuit Judge*, joins: The question before this court is whether a preponderance of the evidence supports the trial court's decision to sentence appellant under U.S.S.G. § 2D1.8(a)(1). With no attention paid to the relevant federal rules or applicable case law, the parties assumed that appellant's claim was subject to plain error review because he failed to preserve his objection to the trial judge's factual findings. After determining that the District Court made no factual findings on appellant's participation in the underlying drug offense, we had no occasion to address the applicable standard of review. Nonetheless, because we think the issue is important, especially in the context of sentencing, we write separately to explain why we think the parties were likely misguided in their assumption.

Our premise is simple: We are required to apply "a clear error standard of review for appellate challenges to judicial fact-finding at sentencing," *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005), without regard to whether appellant objected to the trial judge's *factual findings* below.

As the Supreme Court recently stated in *Gall v. United States*, 128 S. Ct. 586 (2007), we review a sentencing court's factual determinations for clear error. *See id.* at 597 (holding that a sentence is subject to reversal if the trial judge "select[s] a sentence based on clearly erroneous facts"); *see also United States v. Edwards*, 496 F.3d 677, 681, 683 (D.C. Cir. 2007) (appellate courts review sentencing court's factual findings for clear error). However, with respect to certain matters (other than *a trial judge's factfinding* in support of a particular sentence), if a criminal defendant fails to object to an error at sentencing, a challenge to that error on appeal is deemed forfeited unless the more demanding plain error standard of review is satisfied. *See* FED. R. CRIM. P. 51(b) ("Preserving a Claim of Error"); FED. R. CRIM. P. 52(b) ("Plain Error"); *see also United States v. Olano*, 507 U.S. 725, 731-32 (1993). Thus,

for example, if on appeal an appellant raises a theory in support of a downward adjustment that was never raised at sentencing, the matter will be reviewed for plain error. *See, e.g.*, *In re Sealed Case*, 349 F.3d 685, 690-91 (D.C. Cir. 2003). Likewise, parties in a sentencing proceeding must file timely objections to the findings contained in a PSR in order to preserve any objections for appeal. *See* FED. R. CRIM. P. 32(f) ("Objecting to the Report"); FED. R. CRIM. P. 32(f)(1) (parties must object within 14 days to "material information, sentencing guideline ranges, and policy statements contained in or omitted from the [presentence] report"); *cf. United States v. Saro*, 24 F.3d 283, 286 (D.C. Cir. 1994) (reviewing for plain error appellant's claim that district court erred in calculating his base offense level where appellant failed to object to the findings in the PSR).

Our case law is unclear on whether a criminal defendant must object to a sentencing court's *factual determinations* at the time of sentencing in order to avoid forfeiting any challenges on appeal. *See United States v. Brodie*, 524 F.3d 259, 269-70 & n.7 (D.C. Cir. 2008) (declining to resolve whether unpreserved challenge to district court's finding on sentencing enhancement is reviewable only for plain error and concluding that the enhancement was not erroneous); *United States v. Gewin*, 471 F.3d 197, 202 (D.C. Cir. 2006) (same, where court's implicit factual finding on appellant's ability to pay fine was not erroneous). We believe that, as with judge-made factual findings in civil bench trials, an appellant in a criminal case may seek clear error review of a sentencing court's *factual findings* without regard to whether the appellant requested findings, objected to them, or moved to amend the findings before the trial judge.

Federal Rule of Civil Procedure 52(a) codifies the clearly erroneous standard of review for findings of fact in civil bench trials. *See* FED. R. CIV. P. 52(a)(6). In *Maine v. Taylor*, 477 U.S. 131 (1986), the Supreme Court adopted Rule 52(a)'s

clearly erroneous standard for appellate review of findings of fact by a district court in criminal cases on issues other than those that determine guilt. *Id.* at 145; *see also* 9C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: TRIALS § 2573 (3d ed. 2008) [hereinafter WRIGHT & MILLER] (Rule 52(a)'s clearly erroneous standard applies to "findings of a district judge in a criminal case on issues other than guilt"). The *Taylor* Court reasoned that applying Rule 52(a)'s clearly erroneous standard in criminal cases was appropriate, because the "Federal Rules of Criminal Procedure contain no counterpart to Federal Rule of Civil Procedure 52(a)" and "the considerations underlying Rule 52(a) – the demands of judicial efficiency, the expertise developed by trial judges, and the importance of first-hand observation – all apply with *full force* in the criminal context, at least with respect to factual questions having nothing to do with guilt." *Taylor*, 477 U.S. at 145 (internal citation omitted) (emphasis added).

Since *Taylor*, the Court has reaffirmed that the clearly erroneous standard applies to judicial factfinding in criminal cases. *See Hernandez v. New York*, 500 U.S. 352, 365-66 (1991) (plurality opinion) (noting that "Federal Rule of Civil Procedure 52(a) . . . permits factual findings to be set aside only if clearly erroneous" and that "we have held that the same standard should apply to review of findings in criminal cases on issues other than guilt") (citing *Taylor*, 477 U.S. at 145; *Campbell v. United States*, 373 U.S. 487, 493 (1963)). This court, in turn, has invoked Rule 52(a) in holding that the clearly erroneous standard governs our review of factual findings in criminal cases. *See United States v. Williams*, 951 F.2d 1287, 1289 (D.C. Cir. 1991) (citing Rule 52(a) and noting that the clearly erroneous standard was "imported from the civil rules for cases tried to the court . . . because the rules of criminal procedure were silent on the matter") (internal citation omitted).

4

By its own terms, Rule 52 makes clear that a party need not object to a trial judge's findings of fact in order to preserve a challenge on appeal:

> ***Questioning the Evidentiary Support.*** A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

FED. R. CIV. P. 52(a)(5). *See also* 9C WRIGHT & MILLER § 2581 (noting that "Federal Rule 52 is not intended to create formal barriers to appellate review" and that, under Rule 52(a), it is not "necessary for a party seeking to question the sufficiency of the evidence on appeal to have made an objection in the district court to the findings"); HARRY T. EDWARDS & LINDA A. ELLIOTT, FEDERAL STANDARDS OF REVIEW – REVIEW OF DISTRICT COURT DECISIONS AND AGENCY ACTIONS 62 (2007) [hereinafter EDWARDS & ELLIOTT] (noting that, under Rule 52, an "appellate challenge to the sufficiency of the factual findings on which a judgment or judgment on partial findings rests is not affected by a party's failure to preserve the issue"). This exemption from the error-preservation requirement has been part of Rule 52 since the Federal Rules of Civil Procedure were adopted in 1937. *See* 3 JAMES WM. MOORE & JOSEPH FRIEDMAN, MOORE'S FEDERAL PRACTICE § 52.02 (1938) (analyzing the error-preservation provision in Rule 52 and noting that "all pitfalls in securing review have been avoided"). The provision was initially housed in Rule 52(b). In 2007, the Federal Rules of Civil Procedure were amended and the error-preservation provision was moved from Rule 52(b) to Rule 52(a)(5). *See* EDWARDS & ELLIOTT at 201. However, the content of the provision was retained without material change. *See* FED. R. CIV. P. 52, advisory committee's notes (2007 amendments).

In sum, plain error review always has been inapplicable to factual challenges governed by Rule 52 of the Federal Rules of Civil Procedure. *See, e.g.*, *Fed. Ins. Co. v. HPSC, Inc*., 480 F.3d 26, 32 (1st Cir. 2007) ("We see no reason why [a party], following a bench trial, cannot argue now for the first time [on appeal] that the court's findings were clearly erroneous or that they cannot support the judgment.") (citation omitted); *Colonial Penn Ins. v. Mkt. Planners Ins. Agency Inc.*, 157 F.3d 1032, 1036 & nn.2-3 (5th Cir. 1998) (same); *Monaghan v. Hill*, 140 F.2d 31, 33 (9th Cir. 1944) (same). Mindful that the clearly erroneous standard applies to a trial judge's factual findings in criminal cases (on issues other than guilt), including findings made at sentencing, *see Gall*, 128 S. Ct. at 597, we believe that the clearly erroneous standard governs the sort of factual sufficiency challenge at issue in this appeal. We find no merit in the parties' suggestion that plain error review would have applied in this case had we been required to address the standard of review. Nothing in *Taylor* or the Supreme Court's more recent cases applying the clearly erroneous standard in criminal cases purports to require a criminal defendant to preserve a challenge to the sufficiency of a district court's non-guilt factual findings at sentencing.

In reaching this conclusion, we follow the approach taken by the Second Circuit in *Garcia*. In that case, the appellate court reviewed a sentencing judge's factual findings for clear error, even though one of the defendants had failed to challenge the findings below. 413 F.3d at 205, 219 n.13, 222-23. In applying the clearly erroneous (not plain error) standard of review, the *Garcia* court effectively adhered to the mandate of Federal Rule of Civil Procedure 52(a)(5). We recognize that some circuits seem to assume that plain error is the appropriate standard for reviewing challenges to a sentencing court's factual findings raised for the first time on appeal. *See, e.g.*, *United States v. Salado*, 339 F.3d 285, 293-94 (5th Cir. 2003) (noting that the appellate court reviews challenges to a trial judge's factfinding

in support of sentencing for plain error when the appellant failed to object below); *cf. United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) ("A sentence imposed as a result of a clearly erroneous factual conclusion will generally be deemed 'unreasonable' and, subject to the doctrines of plain and harmless error, will result in remand to the district court for resentencing."). However, these decisions lend little to our analysis, because they entirely fail to consider the fact that the clearly erroneous standard involves no preservation requirement.

More than 20 years ago, the Supreme Court noted that "the 'clearly erroneous' standard of review long has been applied to nonguilt findings of fact by district courts in criminal cases." *Taylor*, 477 U.S. at 145. And since the adoption of Rule 52 in 1937, it has also been clear that an appellant need not object to a trial judge's factual findings in order to seek clearly erroneous review of those findings on appeal:

> Rule 52 makes clear that, in contrast to most questions raised on appeal, an appellate challenge to the sufficiency of the evidence supporting the factual findings on which a judgment or judgment on partial findings rests is not affected by a party's failure to preserve the issue.
>
> . . .
>
> Plain error review is consequently inapplicable to review of such challenges.

EDWARDS & ELLIOTT at 62-63.

To preserve a claim of error on appeal, a party typically must raise the issue before the trial court. *See, e.g.*, FED. R. EVID. 103(a); FED. R. CRIM. P. 30(d); FED. R. CRIM. P. 51(b); FED. R. CIV. P. 46; FED. R. CIV. P. 51(c), (d). "No procedural principle is more familiar . . . than that a . . . right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction

to determine it." *Yakus v. United States*, 321 U.S. 414, 444 (1944). There are at least three good reasons for this procedural principle: (1) to allow the trial judge, before whom the matter is being tried, to address a party's claims in the first instance, *see Hormel v. Helvering*, 312 U.S. 552, 556 (1941); (2) to afford the appellate court the benefit of the trial judge's views on matters that may come before it on appeal, *see United States v. Blackwell*, 694 F.2d 1325, 1344-45 (D.C. Cir. 1982) (Robinson, J., concurring); and (3) to prevent one party from sandbagging another by raising new claims on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Hormel*, 312 U.S. at 556; *In re Sealed Case*, 356 F.3d 313, 319 (D.C. Cir. 2004); *Blackwell*, 694 F.2d at 1344-45 (Robinson, J., concurring). Given the importance of this procedural principle, it is notable, but not surprising, that Federal Rule of Civil Procedure 52(a)(5) carves out a significant exception to the normal requirements of error preservation for challenges to the sufficiency of the evidence supporting findings of fact underlying judgments in bench trials. The exception is unsurprising, because factfinding in a bench trial occurs only after a trial judge has reviewed the parties' evidentiary submissions and arguments. In other words, a trial judge almost always has the benefit of the parties' views on the evidence before making findings of fact. Therefore, it would serve no good end to require the parties to formally object to the judge's findings of fact in order to preserve a challenge on appeal.

In any event, the Supreme Court has made it plain that the clearly erroneous standard of review set forth in Rule 52 applies in both civil and criminal contexts. The exception to the error-preservation requirement now found in Rule 52(a)(5) is part of the standard and, therefore, we can discern no good reason to limit the exception to civil cases alone. Accordingly, we believe that the clearly erroneous standard governs an appellate court's review of a sentencing judge's factual findings, whether or not those findings have been challenged below.

BROWN, *Circuit Judge*, dissenting: Here we confront the proverbial question: which comes first—the chicken or the egg? Different intuitions lead to different conclusions. Thus, the court remands; while I would simply affirm.

If a district court found a defendant was born in May 1957, when, in fact, she was born two months earlier, we would not remand for the district court to correct its mistake unless on appeal the defendant explains how the factual error affected a legal conclusion. Nor would we remand if the district court made no age finding at all, unless the defendant spells out why that failure corrupted the legal analysis. An appellate court simply does not resolve questions *of fact* (or force a district court to make a factual determination) unless the answer to the factual question matters.

For a remand to be appropriate, Appellant needs two separate questions both to break his way: (1) whether the district judge was legally required to make a factual finding on participation; and (2) whether the district court did so. If the answer to Question (1) is "no"—that is, if the district court was not required to make a finding—then the answer to Question (2) is irrelevant.

The court only asks "whether the District Court judge made factual findings on appellant's participation in the underlying drug offense[.]" Maj. Op. at 7. I agree the district court did not explicitly do so. But the more important question is whether the district judge was obligated to make such a finding in the first place. If § 2D1.8(a)(2) is a mitigation provision, the district court's obligation to make a factual finding about participation arguably arises only when the defendant invokes the provision and offers supporting evidence. It is, after all, the defendant's burden to prove by a preponderance of the evidence any "mitigating factors." *United States v. White*, 1 F.3d 13, 18 (D.C. Cir. 1993) (Silberman, J). On the other hand, if § 2D1.8(a)(2) sets the

base offense level, then the district court might have been required to make a factual finding as to participation, regardless of whether the defendant raised the issue. *See United States v. Price*, 409 F.3d 436, 444 (D.C. Cir. 2005). Question (1) in this case thus depends on whether § 2D1.8(a)(2) is a mitigating factor.

However it is resolved, determining § 2D1.8(a)(2)'s character is a purely legal question. Questions of law receive either *de novo* review (if objected to) or plain error review (if unobjected to). HARRY T. EDWARDS & LINDA A. ELLIOTT, FEDERAL STANDARDS OF REVIEW – REVIEW OF DISTRICT COURT DECISIONS AND AGENCY ACTIONS 5 (2007). Because Question (1) in this case was unobjected to, it ought to be reviewed for plain error. Instead, the court decides the legal question, asserting "[t]he plain language of" § 2D1.8(a)(2) "requires a finding of such participation for the higher offense level in § 2D1.8(a)(1) to apply." Maj. Op. at 8. Because there was no factual finding, the majority remands.

However, under the plain error standard that should be applied here, Appellant loses; this court has never resolved whether § 2D1.8(a)(2) sets the base offense level or is a mitigation provision, and in fact, as the majority observes but fails fully to credit, there is a circuit split on this very question. *Compare United States v. Dickerson*, 195 F.3d 1183, 1189–90 (10th Cir. 1999) (holding burden is on the defendant to show applicability of § 2D1.8(a)(2)) *and United States v. Leasure*, 319 F.3d 1092, 1098 (9th Cir. 2003) (holding burden is on the government to show participation under § 2D1.8(a)(1)). Indeed, it is not surprising that there is a circuit split, because § 2D1.8(a)'s legal character is by no means obvious. Thus even assuming error, we should affirm because the district court did not "fail[] to follow an

absolutely clear legal norm." *United States v. Andrews*, 532 F.3d 900, 909 (D.C. Cir. 2008).

I respectfully dissent.